UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:26-CV-00227-GNS

GEORGE FISCHER PLAINTIFF

v.

CARE.STAT!, INC. DEFENDANTS

# MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Compel Arbitration and to Stay (DN 5). The motion is ripe for adjudication. For the reasons that follow, the motion is **GRANTED** and the proceeding is **STAYED**.

## I. STATEMENT OF FACTS

Plaintiff George Fischer ("Fischer") brings this case against Defendant Care.Stat!, Inc. ("CSI") alleging a variety of claims arising out of his recent employment and termination with CSI, including: discrimination claims pursuant to the Americans with Disabilities Act ("ADA"), unlawful holding of wages, retaliation, and wrongful discharge. (Compl. ¶¶ 70-82, DN 1). When CSI hired Fischer in December of 2024, he signed an agreement which laid out the terms of his employment. (Def.'s Mot. Compel Ex. A, DN 5-1). This agreement included an arbitration clause which states in relevant part:

> To the fullest extent permitted by applicable law, you agree to arbitrate any and all claims or disputes relating to or arising from your employment, including claims by the Company, claims against the Company, . . . . To the fullest extent permitted by applicable law, this includes, but is not limited to, claims of discrimination, harassment, retaliation, wrongful termination and unfair competition, wage and hour claims, equity claims, tort claims, contract claims, common law claims, and claims based upon any federal, state or local ordinance, statute, regulation or constitutional provision.

> . . .
>
> . . . The parties understand and agree that the decision or award of the arbitrator shall be final and binding upon the parties.
>
> . . .
>
> This arbitration agreement is enforceable under and governed by the Federal Arbitration Act. . . .
>
> By signing this Agreement, you acknowledge and agree that you have read this arbitration agreement carefully, are bound by it, and are WAIVING ANY RIGHT TO HAVE A TRIAL BEFORE A COURT OR JURY OF ANY AND ALL CLAIMS SUBJECT TO ARBITRATION UNDER THIS ARBITRATION AGREEMENT.

(Def.'s Mot. Compel Ex. A, at 2-4). In addition to the above language, the agreement specifies that arbitration will be through Judicial Arbitration and Mediation Services ("JAMS") in accordance with their Employment Arbitration Rules and Procedures, and that CSI will bear any cost in excess of the administrative fees and costs which would have been paid in court. (Def.'s Mot. Compel Ex. A, at 3). Finally, the employment agreement states, "[t]he validity, interpretation, construction, and performance of the terms of this letter, and all acts and transactions pursuant hereto and the rights and obligations of the parties hereto shall be governed, construed, and interpreted in accordance with the laws of the state in which the employee resides." (Def.'s Mot. Compel Ex. A, at 4). In this case, that is the state of Kentucky. The agreement does not specify the exact location the arbitration is to take place. CSI moves for enforcement of the arbitration clause.

## II. <u>JURISDICTION</u>

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because a federal question has been presented based on the Americans with Disabilities Act of

1990, 42 U.S.C. § 12101 (1990). In addition, the Court has supplemental jurisdiction over Fischer's state law claims. *See* 28 U.S.C. § 1367(a).

## III. STANDARD OF REVIEW

"Under the Federal Arbitration Act, courts considering a motion to compel arbitration engage in a limited, two-step review." *Adelstein v. Walmart Inc.*, 728 F. Supp. 3d 762, 767 (N.D. Ohio 2024) (citing *Bratt Enters., Inc. v. Noble Int'l Ltd.*, 338 F.3d 609, 612 (6th Cir. 2003)). "In step one, the courts must decide whether there is a valid contract to arbitrate between the parties. For step two, the courts must determine the parties' dispute falls within the arbitration agreement's scope before it compels arbitration." *Id.* (internal footnote omitted) (internal citation omitted) (citation omitted). Where the arbitration clause is broad, such as in this case, "only an express provision excluding a specific dispute, or 'the most forceful evidence of a purpose to exclude the claim from arbitration,' will remove the dispute" from the scope of the agreement. *Highlands Wellmont Health Network, Inc. v. John Deere Health Plan, Inc.*, 350 F.3d 568, 577 (6th Cir. 2003) (quoting *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986)).

"Motions to compel arbitration are treated like motions for summary judgment." *Adelstein*, 728 F. Supp. 3d at 767 (citation omitted). "[T]he party seeking to enforce an agreement has the burden of establishing its existence, but once prima facie evidence of the agreement has been presented, the burden shifts to the party seeking to avoid the agreement." *Duvall v. Am.'s Home Place, Inc.*, No. 1:22-CV-00128-GNS-HBB, 2023 WL 3821816, at *1 (W.D. Ky. June 5, 2023) (alteration in original) (citation omitted). "In order to show that the validity of the agreement is in issue, the party opposing arbitration must show a genuine issue of material fact as to the validity of the agreement to arbitrate." *Great Earth Cos. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002) (internal quotation marks omitted) (citation omitted). When analyzing the validity of such an

agreement, state law governs any generally applicable contract defenses and "any ambiguities in the contract or doubts as to the parties' intentions should be resolved in favor of arbitration." *Id.* (citation omitted). In the end, "[i]f an agreement to arbitrate is not 'in issue,' then arbitration must be compelled." *Duvall*, 2023 WL 3821816, at *1 (citation omitted).

## IV. DISCUSSION

### A. A valid contract to arbitrate exists

CSI has attached an employment contract to its motion which was signed by Fischer on December 13, 2024, and includes a broad arbitration clause. (Def.'s Mot. Compel Ex. A). Producing the employment contract properly carries its initial burden to produce prima facie evidence of an agreement. The burden has now shifted to Fischer to show that the agreement is not enforceable against him. He attempts to do so in two ways but neither argument is persuasive.

Fischer first argues that "[t]he language of the arbitration provision is lacking in one main and precise area: the specific locale of where such arbitration will take place." (Pl.'s Resp. Def.'s Mot. Compel 3, DN 8). Fischer proceeds to outline how the Kentucky Uniform Arbitration Act ("KUAA") "requires that an arbitration clause include language stating that the arbitration is to be held in Kentucky before a Kentucky court can enforce an arbitrator's award." (Pl.'s Resp. Def.'s Mot. Compel 5 (citing *Ally Cat, LLC v. Chauvin*, 274 S.W. 3d 451, 454-55 (Ky. 2009))). He believes this requirement means that, because no clause specifying an arbitration location in Kentucky exists in his agreement, Kentucky state courts will lack subject matter jurisdiction over the agreement and will be unable to enter any award given, effectively rendering the clause unenforceable. (Pl.'s Resp. Def.'s Mot. Compel 5-7). This is a problem, Fischer argues, because

the FAA does not provide jurisdiction to federal courts to enforce requests to confirm or vacate arbitral awards and therefore, any amount awarded would need to be recovered in state court.[1]

Fischer's argument, however, has been consistently rejected by the Kentucky Supreme Court. "[T]he legal issue [here] . . . is straightforward: Is an arbitration agreement providing that it is controlled by the Federal Arbitration Act enforceable in the Kentucky courts? *The answer is yes*." *MHC Kenworth-Knoxville/Nashville v. M & H Trucking, LLC*, 392 S.W.3d 903, 905 (Ky. 2013). Critically, the arbitration agreement between CSI and Fischer specifically states "[t]his arbitration agreement is enforceable under and governed by the Federal Arbitration Act." (Def.'s Mot. Compel Ex. A, at 3). In *Ernst & Young, LLP v. Clark*, 323 S.W.3d 682 (Ky. 2010), the Kentucky Supreme Court held that when an agreement "explicitly require[s] that disputes be governed by the Federal Arbitration Act, [a court] need not consider Kentucky's Uniform Arbitration Act . . . ."[2] *Id.* at 687 (internal citation omitted) (citation omitted). Kentucky's Supreme Court has held multiple times that *Ally Cat*, a case on which Fischer relies, and which held that arbitration agreements that do not contain location clauses are unenforceable, "*has no applicability* to an arbitration agreement governed exclusively by the Federal Arbitration Act." *MHC Kenworth-*

---

[1] Fischer cites *Badgerow v. Walters*, 596 U.S. 1 (2022), in support of this argument. (Pl.'s Resp. Def.'s Mot. Compel 4). Days before Fischer filed his response, however, the Supreme Court confirmed that in cases where a court has proper jurisdiction over the original claims, as in this case, it maintains that jurisdiction when a party returns with a motion to confirm an arbitration award pursuant to 9 U.S.C. § 9. *Jules v. Andre Balazs Props.*, 608 U.S. 200, 209-10 (2026) ("[J]urisdiction to decide [a] case includes jurisdiction to decide [a] motion' within that case . . . . So when the parties return[] to court after arbitration with § 9 and § 10 motions, the court ha[s] the same 'jurisdiction to decide the case . . . ." (second and third alterations in original) (quoting *Badgerow*, 596 U.S. at 15)). Therefore, even if a Kentucky state court were to refuse to enforce an arbitration award, this Court would maintain jurisdiction to enforce the award under the provisions of the FAA.

[2] This holding is consistent with the Sixth Circuit's holding that "the FAA preempts 'state laws applicable *only* to arbitration provisions[,]'" such as the KUAA. *Great Earth Cos.*, 288 F.3d at 889 (quoting *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 686-87 (1996)).

*Knoxville/Nashville*, 392 S.W.3d at 906 (emphasis added) (quoting *Ernst & Young, LLP*, 323 S.W.3d at 687 n.8); *Hathaway v. Eckerle*, 336 S.W.3d 83, 88 (Ky. 2011) (citation omitted); *see also Ping v. Beverly Enters., Inc.*, 376 S.W.3d 581, 589 (Ky. 2012) ("[E]ven if the forum selection clause was not consistent with *Ally Cat,* Kentucky courts must and do enforce arbitration clauses in contracts subject to the Federal Act." (citation omitted)) Furthermore, this Court has also recognized the inapplicability of *Ally Cat* to arbitration agreements governed by the FAA. *See Duvall*, 2023 WL 3821816, at *5-6.

In *MHC Kenworth-Knoxville/Nashville*, the Court confronted the exact same argument Fischer makes now regarding the lack of a clause specifying an arbitration location in Kentucky, and held, "like in *Ernst & Young* and *Hathaway*, the Federal Arbitration Act controls, not the Kentucky Arbitration Act, and the circuit court has jurisdiction to enforce the arbitration provision." *MHC Kenworth-Knoxville/Nashville*, 392 S.W.3d at 907 (citations omitted). There is no reason to believe that if a Kentucky state court were confronted with an arbitration award which was obtained through a valid arbitration agreement governed by the FAA, the court would lack the subject matter jurisdiction to enforce that award.

In sum, because the Kentucky Supreme Court has been clear in holding that the KUAA does not apply when an arbitration agreement specifies the FAA as the governing law, any argument Fischer makes based upon the construction or language of Kentucky's act is rejected.[3]

Fischer next argues that this arbitration agreement is unenforceable as a contract because there was no meeting of the minds as to the material terms of the contract, namely the location of

[3] Fischer additionally argues that the construction of the KUAA and the inclusion of an arbitration location requirement was intended to safeguard employees. (Pl.'s Resp. Def.'s Mot. Compel 7-8). To the extent this argument is based on the construction and legislative history of the KUAA, it has been foreclosed by the Kentucky Supreme Court where the FAA controls.

arbitration, and therefore mutual assent did not exist. (Pl.'s Resp. Def.'s Mot. Compel 8-9). It is undisputed that the agreement did not specify an arbitration location. For a written contract to exist in Kentucky, there must be a "meeting of the minds" as to the essential terms of the deal. *Cent. Bank v. Gill*, No. 2011-SC-000442-DG, 2013 WL 5436257, at *5 (Ky. Sep. 26, 2013). "As long as the parties demonstrate their mutual assent to the essential terms of an agreement, a written contract is deemed to exist." *Gen. Steel Corp. v. Collins*, 196 S.W.3d 18, 21 (Ky. App. 2006). "Material terms are those that define the agreement particulars and performance parameters." *Ky. Indus. Hemp, LLC v. Teterboro Partners, LLC*, No. CV 5:19-496-KKC, 2021 WL 4993481, at *3 (E.D. Ky. Oct. 27, 2021) (citation omitted).

There is, however, no legal support for the contention that the location where arbitration will occur is an "essential term" for an arbitration agreement. In fact, a sister court in Kentucky explained that "[f]or arbitration agreements, essential terms include the arbitration process, the scope of the agreement, and responsibility for costs." *Schoenbaechler v. GHSW Enters., LLC*, 757 F. Supp. 3d 795, 802 (E.D. Ky. 2024) (internal quotations omitted) (citation omitted). The agreement in the present case includes each of these provisions. (Def.'s Mot. Compel Ex. A, at 2-3). While the clause at issue in *Schoenbaechler* included a location provision, the court did not consider that provision essential. *Schoenbaechler*, 757 F. Supp. 3d at 802.

This Court has held that "the failure of the arbitration clause to specify a forum and procedures for arbitration. . . does not render the agreement unenforceable. An agreement to arbitrate need not spell out the exact terms of arbitration to be enforceable." *Indus. Servs. of Am., Inc. v. Abcom Trading Pte. Ltd.*, 869 F. Supp. 2d 807, 812 (W.D. Ky. 2012). "The strong presumption in favor of arbitration dictates that where the agreement is silent, the parties, having agreed to arbitrate their disputes, can and must agree to terms and procedures to govern their

arbitration." *Id.* (citation omitted). Any doubts about the parties' intentions are resolved in favor of arbitration. *Schoenbaechler*, 757 F. Supp. 3d at 800.

Fischer has agreed to arbitrate his disputes. Based on the substance of the agreement he signed, he was aware of both the scope of the agreement—all disputes to the extent allowed by law, save a small handful of specified exceptions—and the consequences of it—the waiver of a right to a jury trial. (Def.'s Mot. Compel Ex. A, at 2-3). Fischer was additionally aware of the identity of the arbitrator, the applicable law and arbitration rules, and the allocation of costs. (Def.'s Mot. Compel Ex. A, at 2-3). It can hardly be said that there was not a meeting of the minds on all essential terms of the arbitration agreement.

**B. The dispute is within the scope of the arbitration agreement**

The arbitration agreement at issue begins by stating "[t]o the fullest extent permitted by applicable law, you agree to arbitrate any and all claims or disputes relating to or arising from your employment . . . ." (Def.'s Mot. Compel Ex. A, at 2). The agreement further specifies that "this includes but is not limited to, claims of discrimination, harassment, retaliation, wrongful termination, . . . wage and hour claims . . . and claims based on any federal . . . statute [or] regulation . . . ." (Def.'s Mot. Compel Ex. A, at 2). This is just the sort of all-encompassing arbitration clause which requires an express exclusion provision or some strong evidence to remove a dispute from its scope. *See Highlands Wellmont Health Network, Inc.*, 350 F.3d at 577. In the Complaint, Fisher raised claims of discrimination under the ADA, unlawful withholding of wages, wage retaliation, and wrongful discharge. (Compl. ¶¶ 70-82). These claims are plainly within the scope of the arbitration agreement. Fischer does not argue otherwise, nor does he argue that the law prevents these types of claims from being arbitrated. Accordingly, arbitration must be compelled.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Compel Arbitration and to Stay (DN 5) is **GRANTED**, and these proceedings are **STAYED** pending arbitration.

**Greg N. Stivers, Judge**
**United States District Court**
October 14, 2026

cc: counsel of record